**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| **JOSEPH C. RAY** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO. 9:12CV00022** |
| § | |
| § | |
| **TEXAS HOME HEALTH OF** § | |
| **AMERICA, LP** § | |
| § | |
| **Defendant.** § | |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT

COMES NOW Defendant Texas Home Health of America, LP and files this Original Answer to Plaintiff Joseph C. Ray's ("Plaintiff's") Original Complaint ("Complaint"), and respectfully states as follows:

## DEFENSES AND OTHER MATTERS

In asserting the following defenses and other matters, Defendant does not admit that the burden of proving the allegations or denials contained in the defenses or other matters is upon Defendant, but, to the contrary, that the burden of proving the facts relevant to many of the defenses and other matters and the burden of proving the inverse of the allegations contained in the defenses and other matters is upon Plaintiff.  Moreover, Defendant does not admit, in asserting any defense or other matter, any liability.  Rather, Defendant specifically denies any and all allegations of liability in Plaintiff's Complaint.  Without admitting liability as to any of Plaintiff's causes of action, Defendant asserts the following defenses and other matters:

## **FIRST DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

Pleading further, if necessary and without waiving the foregoing defense, in response to each of the allegations contained in Plaintiff's Complaint, Defendant makes the following responses in correspondingly numbered paragraphs:

### **INTRODUCTION**

1. Defendant admits only that Plaintiff brings this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., but denies each and every other allegation in Paragraph 1 of the Complaint, including any allegation that Defendant violated the FLSA or failed to pay Plaintiff compensation to which he was entitled.

### **JURISDICTION**

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

### **VENUE**

3. Defendant denies each and every allegations in Paragraph 3 of the Complaint.

### **PARTIES**

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint that Plaintiff is a citizen of Lufkin, Angelina County, Texas and accordingly, they are denied.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

### **FACTUAL BACKGROUND**

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant denies each and every allegation in Paragraph 7 of the Complaint.

8. Defendant denies each and every allegation in Paragraph 8 of the Complaint.

9. Defendant denies each and every allegation in Paragraph 9 of the Complaint.

10. Defendant denies each and every allegation in Paragraph 10 of the Complaint.

11. Defendant denies each and every allegation in Paragraph 11 of the Complaint.

## STATEMENT OF CLAIMS

12. Defendant denies each and every allegation in Paragraph 12 of the Complaint.

13. Defendant denies each and every allegation in Paragraph 13 of the Complaint.

14. Defendant denies each and every allegation in Paragraph 14 of the Complaint.

## JURY DEMAND

15. Defendant admits that Plaintiff has demanded a trial by jury on all issues triable to a jury but denies that there is any legal or factual basis for relief.

## PRAYER

With respect to the Prayer that follows Paragraph 15 of the Complaint, Defendant denies each and every allegation, and further denies that Plaintiff is entitled to any of the relief or

damages requested in the Prayer. Defendant denies that Plaintiff is entitled to any of the damages, interest, fees, costs or any other relief sought in this lawsuit.

Any material allegation contained in the Complaint that is not specifically admitted by Defendant in this Original Answer is denied.

## SECOND DEFENSE

Although expressly denying any liability, in computing any overtime hours worked by Plaintiff, all non-working hours, such as ordinary home to work travel, *bona fide* meal periods and other hours not worked, must be excluded from any calculation of potential liability.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff is not entitled to relief under the FLSA because Plaintiff has already been paid for all hours worked. In the alternative, and only in the event that there is a finding that Plaintiff performed certain activities without compensation, the time for which Plaintiff seeks compensation is *de minimus*.

## FIFTH DEFENSE

Although expressly denying any liability, to the extent any violations of the FLSA occurred, such alleged irregularities were inadvertent, accidental, unintentional, and/or based on Defendant's good faith understanding of the FLSA.

## SIXTH DEFENSE

Although expressly denying any liability, Plaintiff is not entitled to liquidated damages, because at all times relevant and material to this lawsuit, Defendant acted in good faith and had reasonable grounds for believing it did not violate the provisions of the FLSA.

## SEVENTH DEFENSE

Defendant's alleged actions or omissions do not constitute a willful violation of the FLSA or any other law, regulation, rule or guideline; therefore, the two-year statute of limitations should apply.  Without admitting liability, Defendant was unaware of any authority, guidance, or dispositive and applicable legal decisions suggesting that its actions were inconsistent with the provisions of the FLSA.  Moreover, the burden is upon Plaintiff to prove any alleged willful violation.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or part, by the doctrines of waiver, estoppel, and/or ratification.

## NINTH DEFENSE

Defendant did not willfully, knowingly or recklessly violate the FLSA and, therefore, liquidated damages are inappropriate for any alleged overtime payments to which he may be entitled under the FLSA.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to mitigate his alleged damages, if any, to exhaust internal procedures and remedies or to otherwise avoid the alleged harm.

## ELEVENTH DEFENSE

Defendant is entitled to an offset or deduction for any overpayments of regular or overtime wages paid to Plaintiff that do not constitute payments for hours worked and/or do not constitute overtime compensation required by the FLSA.

## CONCLUSION AND PRAYER

Defendant reserves the right to amend this Original Answer, and/or add additional affirmative defenses, as provided by the Federal Rules of Civil Procedure and as discovery proceeds.

WHEREFORE, PREMISES CONSIDERED, Defendant, having responded to Plaintiff's Complaint, prays that a take-nothing judgment be entered against Plaintiff and that Defendant recovers its attorneys' fees and costs, together with such other relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Dated: March 7, 2012

OF COUNSEL:
BRACEWELL & GIULIANI LLP

Respectfully submitted,

 /s Robert S. Nichols
Robert S. Nichols
Attorney-in-Charge
State Bar No. 15006400
Federal Court No. 17118
711 Louisiana, Suite 2300
Houston, Texas 77002
E-Mail:  bob.nichols@ bgllp.com
Telephone:  (713) 221-1259
Facsimile:  (713) 222-3268

Colleen Higgins Schultz
State Bar No. 24056280
Federal Court No. 860555
1445 Ross Ave, Suite 3800
Dallas, Texas 75202
E-Mail: colleen.higgins@bgllp.com
Telephone:  (214) 758-1083
Facsimile:  (214) 758-8380

ATTORNEYS FOR DEFENDANT
TEXAS HOME HEALTH OF AMERICA, LP

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on this 7th day of March, 2012, to the following counsel of record facsimile, and by electronic filing.

>Charles R. Dendy
>Attorney at Law
>109 N. Second Street
>Lufkin, Texas 75901

>>*/s Robert S. Nichols*
>>Robert S. Nichols